# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1847

_____

Robert Venetucci,

        Appellant,

v.

Constance C. Reese; Kathleen Hawk-
Sawyer; Colin Powell; United States
Parole Commission,

        Appellees.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*

_____

Submitted: September 6, 2002
Filed: September 11, 2002 (corrected 9/13/02)

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Robert Venetucci appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 petition and the denial of his motion to reconsider. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United Stated District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, late a United States Magistrate Judge for the District of Minnesota.

In 1983 Venetucci was extradited from the United States to Italy to face charges of extortion. Thereafter, he was charged in Italy with complicity to commit murder. In March 1986 Venetucci was sentenced to life imprisonment by a court in Italy, and began to serve his sentence there. In 1998, pursuant to his request and consent, Venetucci was transferred to the United States to serve his life sentence. Venetucci's presumptive parole date was calculated to be November 1, 2013. After Venetucci filed an unsuccessful section 2241 petition, claiming his extradition was unlawful, he filed the instant section 2241 petition, arguing that (1) his extradition, during which the United States allowed the additional charge of complicity to commit murder to be asserted against him, violated the Constitution and certain extradition treaties; and (2) the United States Bureau of Prisons (BOP) has miscomputed his sentence in that his presumptive parole release date is mandatory, not discretionary, and the BOP should have counted his Italian "good-time" credit toward that date. The district court initially dismissed the entire petition as successive, but on Venetucci's motion for reconsideration, reviewed (and rejected) the merits of the sentence-computation claim.

We need not reach the more complicated issue of the successiveness of the extradition claim, because the record plainly demonstrates that the claim is without merit. At the 18 U.S.C. § 4108 hearing to verify his consent to transfer, and in a subsequent written and signed affirmation, Venetucci agreed that any legal proceeding challenging his conviction or sentence had to be brought in Italy--an agreement which is consistent with federal law. See 18 U.S.C. § 3244; see also Pfeifer v. United States Bureau of Prisons, 615 F.2d 873, 876 (9th Cir.) (requirement that offender sentenced by foreign sovereign not challenge conviction in United States court is not unconstitutional), cert. denied, 447 U.S. 908 (1980). Given the representations that Venetucci made at the consent-to-transfer hearing, we reject his content that his consent was not voluntary. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of

verity."); <u>Pfeifer</u>, 615 F.2d at 876 (considerations in determining validity of consent-to-transfer waiver).

Venetucci's sentence-computation claim is also without merit. The parole-eligibility statute clearly vests discretion in the Parole Commission to deny parole under specified circumstances. <u>See</u> 18 U.S.C. § 4206(d) (repealed 1987) ("Commission shall not release [parole-eligible] prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime"); <u>United States v. Grayson</u>, 438 U.S. 41, 47 (1978) (release to parole is conditioned on review by Parole Commission). We also agree with the district court that Venetucci's Italian good-time credit did not alter his presumptive parole date: good-time credit deductions apply to a definite term of years, and not to a life sentence. <u>See</u> 18 U.S.C. § 4161 (repealed 1987) (prisoner confined "for a definite term other than for life . . . shall be entitled to a deduction [for good-time credit] from the term of his sentence beginning with the day on which the sentence commences to run").

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.